RAY, RESPONDENT, *v.* GALLATIN VALLEY RY. CO., APPELLANT.

(No. 4,503.)

(Submitted November 1, 1921. Decided November 23, 1921.)

[203 Pac. 533.]

(For syllabus, see *Bryson* v. *Great Northern Ry. Co., ante,* p. 351.)

*Appeals from District Court, Gallatin County; B. B. Law, Judge.*

ACTION by Jess S. Ray against the Gallatin Valley Railway Company. Judgment for plaintiff, and defendant appeals from it and from an order overruling its motion for a new trial. Reversed and remanded, with directions to dismiss the complaint.

*Mr. Charles J. Marshall* and *Messrs. Keister & Bath,* for Appellant, submitted a brief; *Mr. A. N. Whitlock,* of Counsel. argued the cause orally.

The court erred in refusing to substitute the director-general of railroads and to dismiss as to this defendant. (*Rutherford* v. *Union Pacific R. Co.,* 254 Fed. 880; *Sagona* v. *Pullman Co.,* 174 N. Y. Supp. 536; *Haubert* v. *Baltimore etc. R. Co.,* 259 Fed. 361; *Mardis* v. *Hines,* 6 Fed. 945.) The following cases also hold that the corporation cannot be held liable for the torts committed by the director-general or his employees; (*Schumacher* v. *Pennsylvania R. R. Co.,* 106 Misc. Rep. 564, 175 N. Y. Supp. 84; *Southern Cotton Oil Co.* v. *Atlantic etc. R. R. Co.,* 257 Fed. 138; *Dahn* v. *McAdoo,* 256 Fed. 549.)

*Messrs. Carlson & Peterson,* for Respondent, submitted a brief; *Mr. C. E. Carlson* argued the cause orally.

The court did not err in refusing to substitute the director-general. (*McGregor* v. *Great Northern Ry. Co.* (N. D.), 172

N. W. 841, 4 A. L. R. 1635; *Postal Telegraph-Cable Co.* v. *Call,* 255 Fed. 850, 167 C. C. A. 178; *Jensen* v. *Lehigh Valley R. Co.,* 255 Fed. 795; *Lavalle* v. *Northern Pac. Ry. Co.,* 143 Minn. 74, 4 A. L. R. 1659, 172 N. W. 918; *Missouri Pac. R. Co.* v. *Ault,* 140 Ark. 572, 216 S. W. 3; *Johnson* v. *McAdoo,* 257 Fed. 757; *Vaughn* v. *State,* 17 Ala. App. 35, 81 South. 417; *Scarborough* v. *Louisiana Ry. & N. Co.,* 145 La. 323, 82 South. 286.)

MR. JUSTICE GALEN delivered the opinion of the court.

In this action plaintiff sought to recover $20,000 for personal injuries alleged to have been sustained by him on March 2, 1918, at Three Forks, Montana, in consequence of the careless and negligent acts of the defendant corporation in permitting an engine and cars to be suddenly backed into a passenger-coach in which the plaintiff was seated as a passenger.

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, which was overruled, and it then filed a motion to substitute as defendant in the action Wm. G. McAdoo, director-general of railroads, in its place, which motion was denied. Thereafter the defendant made and filed its answer, wherein it is alleged in defense as follows: ''That continuously since the thirty-first day of December, A. D. 1917, all the property of every kind and character of the above-named defendant has been under the exclusive management and control and has been in the possession of and operated by the United States railroad administration, under the director-general of railroads, and this defendant company has not at any time since December, 1917, been operating its road or in possession thereof, and that neither it, nor its employees, nor any person for whom this defendant company can be held responsible, committed any of the acts complained of in plaintiff's complaint.''

A motion for a nonsuit on grounds that the evidence is insufficient was by the court denied. The same matter of defense was preserved by instructions to the jury, offered by

the defendant and refused by the court. The case was tried to a jury in the district court of Gallatin county, and resulted in a verdict in plaintiff's favor for the sum of $3,000, for which amount judgment was rendered and entered. The appeal is from the judgment and order overruling defendant's motion for a new trial.

The only question necessary for decision is whether it is within the jurisdiction of this court to order a substitution of parties defendant, so as to make the judgment effectual against the government agent appointed under the Transportation Act of 1920, or to grant a new trial, permitting such substitution of parties defendant, and a trial *de novo* on the issues. This same question was presented and this day decided by this court in the case of *Bryson* v. *Great Northern Ry. Co., ante,* p. 351, 203 Pac. 529. Upon the authority of the decision in that case, and for the reasons therein stated, it is hereby ordered that this cause be and it is hereby reversed and remanded. with directions to dismiss plaintiff's complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.